IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.,** | § § § § | |
| Plaintiffs, | § § | **CASE NO. 6:12-CV-806** |
| vs. | § § § | |
| **ALTAIR ENGINEERING, INC.,** | § § | |
| Defendant. | § § § | |

**ORDER**

Before the Court is Defendant's Motion to Transfer Venue to the Eastern District of Michigan (Docket No. 79). For the reasons stated below, the Motion is **DENIED**.

**BACKGROUND**

Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") allege Altair Engineering, Inc. ("Altair") infringes U.S. Patent No. 5,579,222 (the "'222 Patent"). Altair filed the instant motion to transfer venue from the Eastern District of Texas to the Eastern District of Michigan. Uniloc USA is a Texas corporation with its principal place of business in Plano, Texas, and an office in Tyler, Texas, both within the Eastern District of Texas. Uniloc Luxembourg S.A. is a corporation organized under Luxembourg law with its principal place of business there. Altair is a Michigan corporation with its principal place of business in Troy, Michigan, within the Eastern District of Michigan.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Nintendo*, 589 F.3d at 1198; *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Nintendo*, 589 F.3d at 1198; *In re Volkswagen I*, 371 F.3d at 203.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Nintendo*, 589 F.3d at 1200; *In re Volkswagen*

*II*, 545 F.3d at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

## ANALYSIS

Altair moves to transfer this case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

### A. Threshold – Eligibility for Transfer

Altair argues that because it resides in the Eastern District of Michigan venue is proper there. Docket No. 79 at 6. Uniloc does not dispute venue would be proper in the Eastern District of Michigan. Therefore, the threshold determination is satisfied.

### B. Private Factors

#### *1. Relative Ease of Access to Sources of Proof*

Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See id.* This factor will turn upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues. *See, e.g.*, *In re Nintendo*, 589 F.3d at 1199; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *In re Volkswagen II*, 545 F.3d at 314–15. However, documents that have been moved to a particular venue in anticipation of litigation should not be considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir.

2009). Presumably, the bulk of the discovery material relating to a corporate party is located at the corporate headquarters. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).

Altair argues this factor favors transfer because the bulk of the evidence is in the Eastern District of Michigan. Altair asserts its relevant documents and evidence, including source code, are located at its headquarters in Troy, Michigan. Docket No. 79 at 9–10. Uniloc argues this factor is neutral because the documentary evidence is decentralized. Docket No. 86 at 6–7. Uniloc claims all of its documentary evidence is located in the Eastern District of Texas, while relevant third-party documents are scattered in Alabama, Florida, and Michigan. *Id.*

Third-party evidence is located in several disparate locations and at this point in the litigation its importance is speculative. It is therefore accorded little weight in the analysis. Also, although Uniloc's evidence is located at its headquarters in the Eastern District of Texas, Altair is presumed to have the bulk of the evidence in the Eastern District of Michigan. Accordingly, this factor slightly favors transfer.

### 2. *Convenience of Witnesses*

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d at 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–05. "When the distance between an existing venue for trial

of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008); *In re Volkswagen II*, 545 F.3d at 317. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *See In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen II*, 545 F.3d at 317. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen II*, 545 F.3d at 317. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204 & n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the transferee venue, then this factor will favor transfer. However, the "100 mile rule" should not be rigidly applied. *See In re Genentech*, 566 F.3d at 1344. When a particular witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the "100 mile rule" analysis. *See id.* (discounting European witnesses in the convenience analysis when reviewing a denial of transfer from Texas to California). However, in cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper. *Id.* at 1344. Finally, this factor favors transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses. *Id.* at 1344–45.

Altair argues this factor favors transfer because its witnesses are located exclusively in the Eastern District of Michigan. Docket No. 79 at 7. Uniloc responds that it has witnesses who reside in the Eastern District of Texas. Docket No. 86 at 4. Further, Uniloc identifies potential third-party witnesses in Florida and Alabama. *Id.* at 8. Transferring this case from the Eastern District of Texas to the Eastern District of Michigan would merely shift the inconvenience of travel from certain witnesses to others, resulting in no gain in overall convenience. *See Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *7 (E.D. Tex. Sept. 28, 2010) (denying transfer where it would "merely shift the inconvenience of trial from one set of parties to another"). Accordingly, this factor is neutral.

### 3. *Availability of Compulsory Process*

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volkswagen II*, 545 F.3d at 316. This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338.

Here, Altair identifies one relevant witness, a former employee, who resides in Oakland County, Michigan, and over whom the Eastern District of Michigan has absolute subpoena power. Docket No. 79 at 8. Uniloc argues it is unclear at this point whether the identified witness will be needed at trial or whether this past employee would testify voluntarily. Docket No. 86 at 6. The Eastern District of Texas holds compulsory process over no identified witnesses. However, the mere possibility of compulsory process over a single witness is a de minimus factor that carries no significant weight in the analysis. Therefore, this factor is neutral.

6

*4.    Other Practical Problems*

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re Volkswagen III*"). Further, "the existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (quoting *In re Volkswagen III*, 566 F.3d at 1351).

Due to significant overlap, the Court consolidated this case with two co-pending cases. *See Uniloc USA, Inc., et al. v. Altium Inc.*, Cause No. 6:12-cv-808-LED; *Uniloc USA, Inc., et al. v. SlickEdit Inc.*, Cause No. 6:12-cv-814-LED. The three cases involve the same plaintiffs and the same patent. Keeping these co-pending cases together will preserve time and resources for the parties and the Court and promotes judicial economy. *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) (citing *In re Vistaprint*, 628 F.3d 1342, 1346–47 (Fed. Cir. 2010)); *Volkswagen III*, 566 F.3d at 1351 (noting "that judicial economy is served by having the same district court try the cases involving the same patents"). Transfer would result in duplicate efforts in multiple courts, increasing the burden of time, resources, and money on the judicial system and the parties. Accordingly, this factor weighs against transfer.[1]

---

[1] Weighing further against transfer, the Court originally consolidated twelve total cases by Uniloc asserting the '222 Patent. Docket No. 19. Although nine have since been dismissed, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, 501 Fed. Appx. at 976 (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

### C.     Public Factors

#### 1.     Local Interest

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. This factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *See id.* Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re TS Tech*, 551 F.3d at 1321; *In re Volkswagen II*, 545 F.3d at 318 (disregarding local interest of citizens who used the widely sold product within the transferor venue in a products liability suit,). Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo*, 589 F.3d at 1198.

Altair contends this factor favors transfer because its headquarters is in the Eastern District of Michigan and all of its employees are located there. Docket No. 79 at 11. Uniloc counters its headquarters is in the Eastern District of Texas and it has had an office here since 2007. Docket No. 86 at 10–11. Both districts therefore have a specific local interest in this case. *Eolas Techs.*, 2010 WL 3835762, at *7 (stating that the Court will not ignore the Plaintiff's location in the Eastern District of Texas when considering the local interest factor). Accordingly, this factor is neutral.

#### 2.     Court Congestion

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. *In re Genentech*, 566 F.3d at 1347. This factor appears to be the most speculative, and this factor alone should not outweigh other factors. *Id.*

Altair highlights 2011 statistics which show that the Eastern District of Michigan is less congested than the Eastern District of Texas due to a shorter median time from filing to disposition, a shorter median time to trial, and fewer weighted filings per judgeship. Docket No. 79 at 13. Uniloc emphasizes a 2012 statistic which shows that the Eastern District of Texas has a shorter time to trial. Docket No. 86 at 11. The statistics presented are of little value—they are outdated general civil statistics and provide no evidence on the speed with which this case can come to trial or be resolved in either district. Accordingly, this factor is neutral.

### 3. *Remaining Public Factors*

The remaining two public factors, familiarity of forum with governing law and conflicts of law, are not disputed by the parties, and are therefore neutral in the analysis.

## CONCLUSION

Altair has failed to show that transfer of the instant suit to the Eastern District of Michigan is clearly more convenient for the parties and witnesses. While one factor, access to evidence, slightly favors transfer, all other factors are neutral or weigh against transfer. Here, transfer would merely shift the inconvenience from one party to the other and would result in inefficiencies in judicial economy. Accordingly, Defendant's Motion to Transfer Venue to the Eastern District of Michigan is **DENIED**.

**So ORDERED and SIGNED this 9th day of December, 2013.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**